WILLIAM ROBERTS *vs.* O. R. SINGLETON, Administrator, &c.

The question of the statute of limitations, when made by an administrator under the general issue, should be by an instruction from the court to the jury.

The court cannot determine, until the whole evidence has been introduced, whether a claim sued on has or not been established. *Held*, that the testimony ruled out was relevant, because it tended to establish the specific claim sued on.

IN error from the circuit court of Madison county; Hon. Robert C. Perry, judge.

The facts of the case are, that the circuit court improperly ruled out the deposition of Mrs. Bransford and the testimony of Wesley Drane, which was competent and relevant testimony to prove the account of plaintiff in error, to which the plaintiff Roberts excepted by his counsel.

*Geo. Calhoun,* for plaintiff in error.

*Lawson,* for defendant in error.

Mr. Justice FISHER delivered the opinion of the court.

The deposition of Mrs. Bransford and the evidence of Drane, tended to establish the plaintiff's claim, and were, therefore, competent evidence to go to the jury. No question as to the statute of limitations is presented by the record. This question, when made by an administrator under the general issue, should be by an instruction from the court to the jury. The court cannot know till the whole evidence has been introduced, whether the plaintiff's claim has been established or not. It can only determine on the trial as to the relevancy of testimony to the matter in issue. The testimony in this case was relevant, because it tended to establish the plaintiff's claim, by the admissions of the deceased.

Judgment reversed, and *venire de novo* awarded.